IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

———————————————

| | | |
|---|---|---|
| ROLAND TIREY, | ) | Cause No. CV 08-106-M-DWM-JCL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| STATE OF MONTANA, | ) | |
| | ) | |
| Respondent. | ) | |

———————————————

On July 24, 2008, Petitioner Roland Tirey filed this action seeking a writ of habeas corpus under 28 U.S.C. § 2254. On September 30, 2008, following two orders from this Court, he filed a Second Amended Petition. Tirey is a state prisoner proceeding pro se.

**I. Preliminary Screening**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Id. If summary dismissal is not warranted, the judge must order the respondent to file an answer, motion, or other response or "to take other action the judge may order." Id.

**II. Background**

Tirey pled guilty in 1996 to felony sexual assault after he assaulted the ten-year-old daughter of his new wife several times within the first month of his marriage. See Judgment, State v. Tirey, No. DC 96-144(B) (Mont. 11th Jud. Dist. Apr. 3, 1997) (Ex. #1 at 1).[1] He challenges the revocation of his parole by the Montana Board of Pardons and Parole. See Second Am. Pet. (doc. 11) at 2, ¶ 1.

In March 2004, Tirey was granted parole. See Case Disposition (Ex. #8 at 1). He was released on parole on June 24, 2004. See Warrant (Ex. #2 at 2). On October 27, 2005, his parole officer, Melissa Strecker, issued a warrant for his arrest, alleging that he had had unsupervised contact with females under the age of 18 and possessed or viewed pornography or other sexually explicit material deemed inappropriate by sex-offender treatment providers or his supervising officer. See Warrant (Ex. #10 at 1). On November 1, 2005, Strecker issued another warrant, this time alleging that Tirey had relationships with women who had children. See Warrant (Ex. #10 at 4). On November 4, 2005, Tirey received notice that a preliminary hearing would occur on November 8, 2005. See Notice/Waiver of On-Site Hearing (Ex. #2 at 1).

On November 8, the on-site hearing was held. The Report of Violation alleged that Tirey lied to his parole officer when he told her he had visited terminally ill children at the hospital, that he failed to report by telephone as directed, and that he posted a profile on "SingleParent.com," a website, in order to meet single women with children. See Second Am. Pet. Ex. 11-#2 (Summary of On-Site Hr'g) at 1; id. Ex. 11-#13 (website profile) at 1-2. Tirey wanted to call a witness, Susan

---

[1] All cited exhibits are attached to Tirey's Second Amended Petition (doc. 11). Exhibit numbers refer to the number preceding the description of the exhibit in the electronic docket of the case.

Carl, to testify that she had set up Yahoo Messenger so that Tirey could communicate with his family. Because that testimony was not relevant to the Report, Carl was not permitted to testify. Hearings Officer Jan Ullom found probable cause to support each of the alleged violations. Tirey was returned to Montana State Prison for a dispositional hearing before the Parole Board. See id. Ex. 11-#2 at 1. Sometime thereafter, following a hearing at which Tirey was present, the Board revoked his parole. See Order at 2, Tirey v. Mahoney, No. OP 06-0424 (Mont. Aug. 9, 2006) (Ex. 11-#3).

On June 13, 2006, Tirey filed a petition for writ of habeas corpus in the Montana Supreme Court, alleging eight grounds for relief. On August 9, 2006, the petition was denied. See Order at 3, Tirey, No. OP 06-0424.

On February 13, 2008, Tirey again petitioned the Montana Supreme Court for habeas relief, raising four claims for relief. His first three claims had been raised in his previous petition and were dismissed based on the doctrines of res judicata and law of the case. His final claim was also denied. See Order at 2, Tirey v. Mahoney, No. OP 08-066 (Mont. Feb. 18, 2008) (Ex. #4). Tirey also pursued a habeas petition in Montana's Third Judicial District Court, which was denied on July 1, 2008. See Order at 3, Tirey v. Montana, No. DV 08-38 (Mont. 3d Jud. Dist. July 3, 2008) (Ex. #6).

Tirey filed a petition for writ of habeas corpus in this Court on July 24, 2008.

## III. Tirey's Allegations

Tirey claims that Strecker violated his rights under the Fourth Amendment by conducting a search without reasonable grounds and without a reasonable request prior to entry. He concludes that the evidence she seized is inadmissible. See Second Am. Pet. at 3-4 ¶ 15A, 5 ¶ 15C.

Tirey contends that his right to due process was violated when Strecker and Ullom prevented him from calling Carl to testify at his on-site hearing. See id. at 4 ¶ 15B.

Finally, Tirey asserts that his sentence was illegally modified by the Parole Board. See id. at 6, ¶ 15D.

**IV. Analysis**

Although some or all of Tirey's claims may be barred on procedural grounds, such as the federal statute of limitations or procedural default, it is clear that he is not entitled to relief on the merits of his claims. Accordingly, it is more efficient to proceed to the merits. See, e.g., 28 U.S.C. § 2254(b)(2); Lambrix v. Singletary, 520 U.S. 518, 524-25 (1997) (making detailed analysis of constitutional issue despite outstanding question as to procedural bar); Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983).

### A. Search/Seizure

The exclusionary rule does not apply in parole revocation proceedings. See Pennsylvania Bd. of Probation and Parole v. Scott, 524 U.S. 357, 364 (1998). Because the Parole Board was entitled to consider the evidence Tirey claims was unlawfully seized, this Court cannot overturn the Parole Board's decision or order Tirey's release based on the Fourth Amendment violation. His first and third claims for relief should be denied.

### B. Witness

Morrissey v. Brewer, 408 U.S. 471 (1972), entitles a parolee at a preliminary, on-site hearing to present testimony from "individuals who can give *relevant* information to the hearing officer." Id. at 487 (emphasis added). Ullom's determination that Carl's evidence was not relevant is correct.

Assuming that Carl did exactly as she said, her action had no bearing on the question of whether Tirey was really attempting to use the internet to meet single women with children. Tirey's due process rights under Morrissey were not violated when he was precluded from calling Carl. Tirey's second claim should be denied.

### D. Alteration of Sentence

Although Tirey fails to explain this claim, he appears to mean that the Board imposed some conditions on him when it granted him parole that were not contained in the original judgment entered against him. See, e.g., Order at 1-2, Tirey, No. OP 08-066. The Board is entitled to impose any reasonable conditions it sees fit in order to ensure that a parolee will be "able and willing to fulfill the obligations of a law-abiding citizen." Mont. Code Ann. § 46-23-201(5); see also id. § 46-23-215(2). "[T]he Board's authority to impose conditions precedent to parole is both independent of and broader than a court's authority to impose such conditions in a sentence." McDermott v. MacDonald, 24 P.3d 200, 203 ¶ 15 (Mont. 2001). No federal law is violated by this arrangement. Tirey's fourth claim for relief should be denied.

## V. Certificate of Appealability

### A. Governing Law

Pursuant to 28 U.S.C. § 2253(c), "[a] certificate of appealability ['COA'] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." See Hohn v. United States, 524 U.S. 236 (1998); Lambright v. Stewart, 220 F.3d 1022, 1024 (9th Cir. 2000). The standard of a "substantial showing" can be satisfied on an issue-by-issue basis. Lambright, 220 F.3d at 1024 (citing 28 U.S.C. § 2253(c)(3)).

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 5

>[I]n order to make a substantial showing of the denial of a federal right a petitioner . . . "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'"

Lozada v. Deeds, 498 U.S. 430, 432 (1991) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).  See also Slack v. McDaniel, 529 U.S. 473, 484 (2000) (petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").  Any doubt as to whether a petitioner has met the standard is resolved in his favor.  Lambright, 220 F.3d at 1025.  The Court must "state why a certificate should not issue." Fed. R. App. P. 22(b)(1) (emphasis added).

**B. Discussion**

None of Tirey's claims makes a showing that the revocation of his parole violated any of his federal constitutional rights.  Tirey's first and third claims lack merit because the parole officer's allegedly illegal search could not give rise to habeas relief.  The exclusionary rule does not apply in parole revocation proceedings.  See Scott, 524 U.S. at 364.  His second claim asserts a violation of Morrissey, but the witness whom he was not permitted to call had no relevant evidence to offer.  His fourth claim alleges that the Parole Board overstepped its bounds by imposing parole conditions that were not imposed by the sentencing court, but Montana law gives the Board broad discretion to impose appropriate conditions.  The Board's imposition of conditions violated no federal law.

There is no reason to encourage Tirey to proceed further.  A COA is not warranted.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. The Second Amended Petition (doc. 11) should be DENIED on the merits.

2. The Clerk of Court should be directed to enter, by separate document, a judgment in favor of Respondents and against Tirey.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

Tirey must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 7th day of October, 2008.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge