

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| ROLAND TIREY, | ) | CV 08-106-M-DWM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| STATE OF MONTANA, | ) | |
| | ) | |
| Respondent. | ) | |

United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendation in this matter on October 7, 2008. Judge Lynch recommended dismissing Petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner timely objected on October 20, 2008.  Therefore, Petitioner is entitled to <u>de novo</u> review of those portions of the Findings and Recommendation to which he objected.  28 U.S.C. § 636(b)(1).  The portions of the Findings and Recommendation not specifically objected to will be reviewed for clear error. <u>McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.</u>, 656 F.2d 1309, 1313 (9th Cir. 1981).

Tirey's petition alleges that the State of Montana unlawfully revoked his parole. His first and third claims are that he was subjected to an illegal search and seizure of evidence from his home. Tirey objects to Judge Lynch's findings that the search and seizure did not violate his constitutional rights and claims the exclusionary applies to revocations. As Judge Lynch stated, the exclusionary rule is inapplicable in revocation proceedings. Penn. Bd. of Probation & Parole v. Scott, 524 U.S. 357, 364 (1998). Tirey's Fourth Amendment rights were not violated when evidence obtained in a search of his home was used in the revocation proceeding.

Tirey also claims the parole board violated his due process rights by preventing him from calling a witness, Susan Carl, at the parole hearing. The hearing officer refused Carl's testimony because she determined that Carl would not offer relevant testimony. A parolee has the right at a hearing to present testimony form "individuals who can give relevant information to the hearing officer." Morrissey v. Brewer, 408 U.S. 471, 487 (1972). Carl's potential testimony was not relevant to the alleged parole violations, that Tirey had lied to his parole officer, failed to report by telephone as directed, and attempted to meet single women with children. Therefore, Tirey's due process rights were not violated by the exclusion of Carl's testimony at his parole hearing.

Tirey does not object to the finding that the Parole Board was entitled to alter conditions of his sentence, nor to the finding that the Court should deny a certificate of appealabiltiy. I find no clear error in Judge Lynch's remaining findings and recommendations. Accordingly,

IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendation (dkt #12) are adopted in full. Tirey's Second Amended Petition (dkt #11) is DENIED on the merits.

The Clerk of Court is directed to enter, by separate document, a judgment in favor of Respondent and against Tirey.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

Dated this 24th day of October, 2008.

Donald W. Molloy, District Judge
United States District Court